IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMARA JOHNSON, *et al.*<br>Plaintiffs<br><br>v.<br><br>CITY OF ANNAPOLIS,<br>Defendant and Third-Party Plaintiff<br><br>v.<br><br>HOUSING AUTHORITY OF THE CITY OF ANNAPOLIS<br>Third-Party Defendant | Civil Action No. CCB-21-1120 |

## **MEMORANDUM and ORDER**

On September 15, 2022, Tamara Johnson and those similarly situated (collectively "plaintiffs") moved for class certification. ECF 54. The City of Annapolis ("the City") had until September 29, 2022, to oppose the motion. *See* Local Rule 105.2(a) (setting fourteen day deadline for responses unless otherwise ordered by the court). But on the day its opposition was due, the City moved for a 60 day extension and requested a court order allowing the City to conduct pre-certification discovery. ECF 59. The plaintiffs consented to a 15 day extension but opposed a further extension. ECF 61 at ¶ 12. The plaintiffs do not consent to pre-certification discovery during the period of extension. *Id.* at ¶ 11.

The City's request for an extension to file its opposition to the plaintiffs' motion for class certification is Granted in part and Denied in part. The City's opposition is now due by November 10, 2022. However, the City's request to take additional pre-certification discovery is Denied. "[A]

1

district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). A scheduling order was approved on July 15, 2022. The City had ample time to propound discovery related to class certification issues. *See* Local Rule 803.1.[1] Yet the City waited until the day its opposition to the plaintiffs' motion was due to express its intent to take discovery. Allowing the City to take pre-certification discovery at this stage may encourage sandbagging and dilatory tactics. No good cause exists to permit the City's late-breaking request for discovery. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (applying "good cause" standard to schedule modification requests).

   It is so Ordered.

  11/3/2022                     /s/
Date                            Catherine C. Blake
                              United States District Judge

---

[1] The "significant overlap in discovery required in this case and *Fisher*" provided further opportunity for relevant discovery by the City. *See* ECF 46, Scheduling Order, at 1; *see generally* Docket in Civil Case No. CCB-21-1074, *Estate of DaMon R. Fisher et al v. City of Annapolis et al.*