IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TAMARA JOHNSON, *et al.* <br><br> v. <br><br> THE CITY OF ANNAPOLIS, *et al.*, | Civil No. CCB-21-1120 |
| THE ESTATE OF DAMON R. FISHER, *et al.*, <br><br> v. <br><br> THE CITY OF ANNAPOLIS, *et al.* | Civil No. CCB-21-1074 |

**MEMORANDUM**

Pending before the court are the City's motions for (1) further discovery under Fed. R. Civ. P. 56(d) and (2) an extension of the deadline to respond to the plaintiffs' partial motion for summary judgment as to disparate impact liability. (*See* ECFs 104, 105 in *Johnson*; ECFs 109, 110 in *Fisher*.) The plaintiffs opposed the motions, (ECF 106 in *Johnson*; ECF 111 in *Fisher*) and the City replied (ECF 109 in *Johnson*; ECF 114 in *Fisher*). For the following reasons, the court will grant in part and deny in part the City's motion for further discovery under Rule 56(d). The court will grant in part the City's motion for an extension.

I. **The City's Motion for Further Discovery Under Rule 56(d)**

A district court may defer ruling on a summary judgment motion if the party opposing the motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). But a court may deny a Rule 56(d) motion "when the information sought would not by itself create a genuine issue of material fact sufficient

for the nonmovant to survive summary judgment." *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) (quoting *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014)).

Here, the City is entitled to some limited further discovery. First, the City should be able to depose the plaintiffs' expert, Dr. Allan Parnell. In their motion for partial summary judgment, the plaintiffs rely on Dr. Parnell's expert opinion to argue the City's non-inspection policy produced a disparate impact. (ECF 103-5 in *Johnson*, ECF 108-5 in *Fisher*.) Given the importance of quantitative analysis in this type of disparate impact litigation, courts must "examine with care" whether a plaintiff can produce enough statistical evidence to succeed on their claim. *See Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 543 (2015).[1] The City has the right to rigorously test the plaintiffs' primary evidence of the alleged disparate impact. Encompassed within that adversarial right is the ability to depose the plaintiffs' expert on the issue.[2]

Second, the City is entitled to receive Ms. Tyonna Holliday's answers to interrogatories, recognizing that there may be grounds for objection to some of the interrogatories. The City asserts

---

[1] *See* Stacy E. Seicshnaydre, *Is Disparate Impact Having Any Impact? An Appellate Analysis of Forty Years of Disparate Impact Claims Under the Fair Housing Act*, 63 AM. U. L. REV. 357, 392–93 (2013) (collecting data showing that many disparate impact claims are dismissed at the summary judgment stage in the absence of "an expert to develop the kind of statistical analysis often important to establish a prima facie case of disparate impact").

[2] The plaintiffs' main argument in opposition is that the City does not need additional discovery because the City already admitted in its third-party complaints against HACA and HUD that a disparate impact exists. (ECF 106 in *Johnson* at 4.) But the City's statements in its third-party complaints may not necessarily be taken as concessions. Although pleadings generally constitute judicial admissions, that rule does not apply when a party takes "inconsistent positions . . . in pleadings in a complicated joinder situation, involving . . . the contingent liability of third parties." *Nichols v. Barwick*, 792 F.2d 1520, 1523 (11th Cir. 1986) (quoting *Continental Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971)); *see also Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, 547 F. App'x 166, 168 n.3 (4th Cir. 2013) (rejecting argument that a party is bound by allegations made in an alternative pleading).

that, as of April 28, 2023, "Plaintiff Holliday has not provided any discovery responses." (ECF 109 in *Johnson*, City Reply at 3.) Ms. Holliday is a class representative who should be expected to respond to such requests. *See* Fed. R. Civ. P. 33(b).

That said, the court does not share the City's view that the plaintiffs' discovery responses are wholly inadequate. The City claims, for example, that "Plaintiff Johnson's responses are, in the most charitable light, plainly deficient." (ECF 109 in *Johnson*, City Reply at 3.) The City's sweeping assertion relies only on a letter sent to plaintiffs' counsel critiquing the adequacy of Johnson's interrogatory responses. (ECF 109-2 in *Johnson*.)[3] Other complaints by the City include its claim that "Johnson's answers to the City's Interrogatories identifie[d] 27 persons with knowledge of the subject matter of this litigation [but] no Party has conducted any depositions in this matter." (ECF 109 in *Johnson*, City Reply at 3.)

Rule 56(d) provides the City no relief for these generalized grievances. The City has not identified any *specific* information withheld by Johnson—or any other person "with knowledge of the subject matter of this litigation"—that could create a genuine dispute of material fact as to disparate impact liability. Indeed, the City's "generic statements merely parrot the potential benefits of any [non-expert] deposition." *See Hodgin*, 885 F.3d at 250.

Accordingly, the court will grant the City's Rule 56(d) motion in part. The City's motion is granted to the extent that the City need not oppose the plaintiffs' motion for partial summary judgment without (1) having the opportunity to depose Dr. Parnell and (2) receiving Ms. Holliday's answers to interrogatories, with the understanding that Ms. Holliday may object to some of the interrogatories. The court will deny the City's Rule 56(d) motion on all other grounds.

---

[3] For example, some of the City's interrogatories relate to class certification procedures. (*See* ECF 109-2 in *Johnson* at 2). The court, however, has already certified the class without opposition from the City. (*See* ECF 97 in *Johnson*.)

## II. The City's Motion for an Extension

A scheduling order can be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The City requests a 90 day extension to file its opposition to the plaintiffs' motion for partial summary judgment. The plaintiffs consent only to a 15 day extension. (ECF 106 in *Johnson* at 4.)

Under Rule 56(d)(2), and in the interest of fairness, the court will allow the City additional time to take the discovery it needs to oppose the plaintiffs' motion for partial summary judgment. In balancing "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party," *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014), the court finds that a 30 day extension from today is sufficient, assuming Dr. Parnell is available for a deposition on or before May 15, 2023.[4] Accordingly, the City's motion for an extension will be granted to the extent it seeks 30 additional days to respond to the plaintiffs' motion for partial summary judgment.

## III. Conclusion

A separate order follows.

   5/1/2023                                                          /s/
Date                                                            Catherine C. Blake
                                                                 United States District Judge

---

[4] The City has noticed Dr. Parnell's deposition for May 15, 2023. (ECF 109-2 in *Johnson* at 7.) If, for reasons not attributable to the City, Dr. Parnell's deposition cannot occur by this date, the City's opposition will be due 15 days after Dr. Parnell is deposed.